# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Kathy Pritchard,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Omni Credit Services, Inc.,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because Defendant resides in this district under 28 U.S.C. §1367.

## FACTS COMMON TO ALL COUNTS

2. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

3. As described below, Defendant attempted to collect from Plaintiff a "debt" as defined by 15 U.S.C. §1692a(5), which was allegedly owed to Capital One.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. During the first week of August 2010, Defendant's employee ("Hill") telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on two occasions.

6. During each of these communications, Plaintiff informed Hill that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

7. During at least one of these communications, Plaintiff provided Hill with her cellular phone number and asked Hill to contact her at that number rather than call her place of employment.

8. Despite this notice and request, Hill telephoned Plaintiff's place of employment in connection with the collection of the debt again on or around August 9, 2010.

9. During this communication, Hill told Plaintiff that if she would "grow up" and pay her bills then he wouldn't have to call her at work.

10. Later that same day, Plaintiff telephoned Defendant's offices to complain about Hill's actions and spoke to another of Defendant's employees ("Josh").

11. During this communication, Josh said that he would remind Hill to no longer call Plaintiff at work.

12. On or around August 11, 2010, Hill again telephoned Plaintiff's place of employment in connection with the collection of the debt.

13. On or around August 12, 2010, Plaintiff telephoned Defendant's office and again spoke to Josh regarding Hill's calls to Plaintiff's place of employment.

14. During this communication, Josh informed Plaintiff that she needed to resolve the debt if she wanted Defendant to stop calling her place of employment.

15. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Legal Helpers, P.C.

        By: /s/ Timothy J. Sostrin
            Timothy J. Sostrin
            233 S. Wacker Dr., Suite 5150
            Chicago, IL 60606
            Telephone: 866-339-1156
            Fax: 312-822-1064
            Email: tjs@legalhelpers.com
            Attorneys for Plaintiff